## No. 49.

STATE OF LOUISIANA *ex rel.* DAY *v.* BOARD OF ASSESSORS.

The taxing power belongs to the Legislative Department, and it is entirely within the province of that department to determine the rules of assessment of property and for the collection of taxes.

The Act of 1878, page 234, does not repeal the Act of 1877, page 154.

*Appeal from Sixth District Court.    Rightor Judge.*

*Bayne & Renshaw* for relators.

*S. P. Blanc* for respondents.

ROGERS, J.—On June 22, 1878, the relator purchased, at a sale made by the sheriff of the parish of Orleans, certain real estate, which had been assessed in the names of James and Samuel Watson, in the year 1877, at $20,300. It appears from the record, that no application for a reduction of this assessment was made by the Watsons, or their representatives, in the year 1877, although the public notice required by the law had been made. On July 20, 1878, the relator made application for a reduction of the assessment to the sum of $6750 50 ; this application was refused ; subsequently, 27th July, 1878, he made demand for the appointment of arbitrators pursuant

to section 88 of Act No. 96, Extra Session of 1877, of the Legislature of Louisiana; this application was also refused, and in order to compel respondents to appoint such arbitrator, a writ of mandamus is prayed for.

The taxing power, under the Constitution, belongs to the Legislature, and it is entirely within the province of that branch of the government to determine the rules of assessment and collection of taxes.

Section 87 of the Acts of 1877, p. 154, declares "that the said assessors shall complete their assessment on or before the first day of July of each year. After the first day of July, the rolls made out by the assessors, written in ink, shall be, after ten days' public notice, publicly exposed until the first day of September. *During the exposing of the rolls aforesaid*, any person aggrieved by an over assessment may make complaint thereof to the assessor of the district, who shall consider the same and submit it to the Board of Assessors, presided over by the Administrator of Assessments, hereinabove provided for, who shall pass thereon on or before the first day of September," etc.

The owners of the real estate, the assessment of which is now under consideration, made no application as required by this section; so that, as provided in section 90, page 155, the assessed valuation served as a basis for all State and city taxation for the year for which they were made and for three years thereafter, subject to the exceptions enumerated, which it is not necessary to consider here.

That the Act of 1878 (p. 234), did not repeal the provisions of the Act of 1877, or even in effect so amend section 89 of said Act as to warrant the conclusion suggested by relator, has already been determined in State *ex rel.* Canton *v.* The Board of Assessors, 31 An. Rep. p. 806, where the Supreme Court say, "the two acts harmonize, construing them together, it is apparent a new assessment of real property was not contemplated for 1878, but that all property hitherto omitted from the rolls should be placed thereon at once," etc.

The claim of relator's counsel that "without the prophetic

gift, he (relator) could not have known in 1877 that he would acquire the property in 1878," is probably best answered by a brief of defendant's counsel.

" Such pretensions are baseless, for the relator can claim no greater rights, as to the property he purchased, than was possessed by the owner under whom he acquired. If that owner, Girod, could not have asked a change in the valuation in 1878, neither can relator. The latter acquired the property with a full knowledge of the law ; he knew what the assessment was before he bought ; he knew it was to remain unchanged for four years. Such facts and knowledge would control, and doubtless did affect, the sale—probably allowed the bidder to buy for less than the true value of the lands, if the assessment was too high. It is, then, the first owner who has the most to complain of, not the purchaser who bought with all the burdens affecting the property known to him and controlling him in his bids."

We have been unable to find any difference in the facts of the present case and the one determined by the Supreme Court in 31 An. Rep. 806; we have, however, reviewed the law and facts, and expressed our opinion, because the questions appear before us for the first time and concern matters of public importance.

The judge of the District Court properly refused the writ.

Judgment affirmed.